# EXHIBIT 2



# LAW OFFICES OF
# WILLIAM CAFARO

| | | |
|---|---|---|
| *William Cafaro, Esq.*<br>*Partner*<br>ADMITTED IN NY, CA, MD & TX<br>Email: *bcafaro@cafaroesq.com* | 108 West 39th Street, Suite 602<br>New York, New York 10018<br>Telephone: 212.583.7400<br>Facsimile: 212.583.7401<br>*www.cafaroesq.com* | *Louis M. Leon, Esq.*<br>*Associate*<br>ADMITTED IN NY<br>Email: *lleon@cafaroesq.com* |
| *Amit Kumar, Esq.*<br>*Managing Attorney*<br>ADMITTED IN NY & NJ<br>Email: *akumar@cafaroesq.com* | | *Matthew S. Blum, Esq.*<br>*Of Counsel*<br>ADMITTED IN NY<br>Email: *ablum@cafaroesq.com* |
| *Andrew S. Buzin, Esq.*<br>*Of Counsel*<br>ADMITTED IN NY, FL & DC | | *Deena L. Buchanan, Esq.*<br>*Of Counsel*<br>ADMITTED IN NM & NJ |

October 22, 2020

*Via e-Mail*
Jason Mizrahi
Levin-Epstein & Associates
420 Lexington Avenue, Suite 2525
New York, NY 10170
Jason@LevinEpstein.com

        Re: Marcos v. Café Riviera Inc. et al
          Case No.: 19-cv-03981

Counselor:

  As counsel for the Plaintiff, Ismael Hernandez Marcos, I am writing to address deficiencies in the Defendants' responses to Plaintiff's discovery demands. This letter is a formal request that Defendants immediately correct or supplement their responses to certain requests in accordance with Defendants' obligations under the Federal Rules of Civil Procedure and associated case law. Alternatively, if Defendants do not intend to supplement or correct their responses as requested herein, this letter serves to address the deficiencies to Defendants' responses in order to facilitate, pursuant to Federal Rule of Civil Procedure 37 and Local Civil Rule 37.2, a fruitful meet and confer regarding the same as a predicate to a motion to compel. Although this letter covers many of the Defendants' discovery deficiencies, it does not cover all of them. Moreover, please note that should Defendants' move to compel prior to addressing their own discovery deficiencies, Plaintiff will have no choice but to make a cross motion to alert the Court of the Defendants' own discovery deficiencies.

### I.  <u>Interrogatories</u>

  First and foremost, *all* the Defendants must verify the objections and responses to the Plaintiff s first set of interrogatories. Such failure to execute a verification attesting to the accuracy and completeness of the interrogatory responses violates Rule 33(b)(5) of the Federal Rules of Civil Procedure. I request immediate production of a verification by *each of* the Defendants attesting to

the reading and signing of these responses. *See, Potter* v. *Obolensky,* 1988 U.S. Dist. LEXIS 1530 (S.D.N.Y 1988) (rejecting unverified answers as "deficient for want of verification").

Second, Defendants' use of boilerplate general objections are inappropriate and must be withdrawn. *See,* Fed R. Civ. P. 33 ("The grounds for objecting to an interrogatory must be stated with specificity."); *Leibovitz v. City of New York*, 2017 U.S. Dist. LEXIS 15662 at *4 (SDNY Feb 3, 2017).

*Specific Interrogatories:*

**Interrogatory No. 5** Identify each method of payment (cash, credit card, check, wire transfer, etc.) accepted by Defendants from Defendants' customers.

**Defendants' Response**: Defendants object to this Interrogatory on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

**Defendants' Response is Deficient:**  The interrogatory is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient.  Moreover, the information sought is probative and admissible as it relates directly with whether the corporate Defendant is an enterprise engaged in interstate commerce.  Plaintiff demands that Defendants withdraw these meritless objections and respond to the interrogatory.

**Interrogatory No. 13** Identify each of the corporate officers and/or Members of CAFE RIVIERA INC.

**Response**: Defendants object to this Interrogatory on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

**Defendants' Response is Deficient:**  The interrogatory is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient.  Moreover, the information sought is probative and admissible as it relates directly with whether others may be liable for the complained of violations under the FLSA and NYLL.  Plaintiff demands that Defendants withdraw these meritless objections and respond to the interrogatory.

**Interrogatory No.14** Identify each individual who owns more than 10% of the beneficial interest of CAFE RIVIERA INC.

**Response**: Defendants object to this Interrogatory on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

**Defendants' Response is Deficient:**  The interrogatory is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information

cannot be obtained from any other source that is more convenient.  Moreover, the information sought is probative and admissible as it relates directly with whether others may be liable for the complained of violations under the FLSA and NYLL.  Plaintiff demands that Defendants withdraw these meritless objections and respond to the interrogatory.

**Interrogatory No.15** Identify all persons from whom the Defendants or their representatives have taken formal or informal statements (whether oral or written) concerning this action.

**Interrogatory No.17** Identify each person whom Defendants expect to call as a witness at trial.

**Interrogatory No.20** Identify all persons whom you claim have personal knowledge of the facts underlying the allegations in the complaint, the Defendants' Answer, and/or Defendants' Affirmative Defenses (please specifically state which affirmative defense each person has personal knowledge).

**Response**: Defendants object to this Request on the basis that Defendants' investigation into the claims and defenses of the Complaint are ongoing. Subject to, and notwithstanding the foregoing, Defendants identify the following anticipated witnesses at this time… [List of the Parties in this action as well as a list of "Doe" parties.

**Defendants' Response is Deficient:**  The interrogatories cannot be objected to on the basis that Defendants' are still investigating their claims.  As such, Defendants must withdraw this objection.  Moreover, Defendants cannot list "Doe" parties in response to these interrogatories.  Defendants must supplement with the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. As such, Defendants must supplement their responses with the full name, present or last known address and last known place of employment.

**Interrogatory No.21** Identify all documents relating to or concerning actions, both in state and federal court, in which MALGORZATA TOKARSKA and/or EVA TOKARSKA or any entity in which they then held any beneficial or ownership interest, were named as defendants, in which any claims for wage, hour, minimum wage, overtime wage, spread of hours or tips were made under the FLSA or the NYLL.

**Interrogatory No.22** Identify all documents relating to or concerning proceedings ever initiated against MALGORZATA TOKARSKA and/or EVA TOKARSKA, or against any entity in which they then held any ownership interest, which pertained to any wage, hour, or overtime claims with any administrative agency, including, but not limited to the New York State Department of Labor and/or the United States Department of Labor.

**Interrogatory No.23** Identify documents relating to or concerning legal proceedings, including but not limited to any administrative and court proceedings in federal and/or state court, the New York State Department of Labor and/or the United States Department of Labor, in which any of the Defendants were a party and in which any wage and hour claims were made.

**Response**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks

discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it seeks information that post-date the allegations in the Complaint, and are not relevant to the claims or defenses at issue.

**Defendants' Responses are Deficient:** The interrogatories are not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient. Moreover, the information sought is probative and admissible as it relates directly to whether the Defendants' violations of the FLSA and NYLL were willful. As such, Defendants must withdraw the objections and fully respond to the interrogatories as written.

## II.     Requests for the Production of Documents

As stated above, the Defendants cannot generally object to the Plaintiff's demands for production of documents. *See Leibovitz v. City of New York*, 2017 U.S. Dist. LEXIS 15662 at *4 (SDNY Feb 3, 2017). Moreover, if Defendants are interposing objections, the must affirmatively state whether they are withholding documents on the basis of the any of the objections. See, Fed. R. Civ. P. 34( b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection.") As such, Defendants must immediately supplement their responses and withdraw these objections. Moreover, in several instances Defendants' refer Plaintiff to documents which were produced with these objections . However, the only document which was produced was an affidavit signed by Defendants. If there any no other documents, Defendants' must affirmatively state. Defendants' cannot hide behind their lack of diligence when responding to these demands. They must make a diligent effort to respond and disclose all documents in their possession custody and control. To the extent the Defendants try to use any documents at trial which have not been disclosed during discovery, we will request appropriate relief from the Court, including sanctions.

*Specific Demands*

Demand 12. Provide the Articles of incorporation for CAFE RIVIERA INC.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

**Defendants' Response is Deficient:** The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient. Moreover, the information sought is probative and admissible as it relates directly to the individual defendants' status as an employer under both the FLSA and NYLL. As such, Defendants must withdraw their objections and fully respond to this demand.

Demand 13. Provide any Documents which show (1) employees; (2) supervisors; and/or (3) managers of CAFE RIVIERA INC.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning persons who have not opted in to this purported FLSA collective action. Defendants further object to providing this individualized discovery prior to conditional certification of a collective action. Defendants further object to this Request to the extent that it seeks information relating to Plaintiff, given that Plaintiff is already in possession of the information sought. Subject to, and notwithstanding the foregoing, Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Defendants' Response is Deficient:** The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient. Moreover, the information sought is probative and admissible as it relates directly to the individual defendants' status as an employer under both the FLSA and NYLL as well as the names of possible witnesses to the Plaintiff's claims. Moreover, Defendants accusation that Plaintiff is in the possession of responsive documents is false. Lastly, Defendants' diatribe concerning individualized discovery lacks any merit. As such, Defendant must withdraw these meritless objections and fully respond with the requested documentation. It is doubtful that the only documents in Defendants' possession is an affidavit from the Defendants. Given this, they must make a diligent search of their records and fully respond to the demand.

Demand 14. Provide any Documents which identify all persons, partnerships, trusts, or other entity which own more than 10% of the beneficial interest of CAFE RIVIERA INC.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

**Defendants' Response is Deficient:** The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient. Moreover, the information sought is probative and admissible as it relates directly to the individual defendants' status as an employer under both the FLSA and NYLL. Moreover, Plaintiff has specifically alleged that the individual Defendants are liable for the wages owed due to their receipt of a notice pursuant to NY BCL § 630 as such, the documents requested are highly probative and material to the individual defendants' liability in this matter. As such, Defendants must withdraw their objections and fully respond to this demand.

Demand 15. Provide any leases which were entered into on behalf of CAFE RIVIERA INC.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

**Defendants' Response is Deficient:** The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient. Moreover, the information sought is probative and admissible as it relates directly to the individual defendants' status as an employer under both the FLSA and NYLL. As such, Defendants must withdraw their objections and fully respond to this demand.

Demand 16. Provide true and accurate copies of any and all personnel manuals and/or handbooks that were distributed by any of the Defendants to Plaintiffs and/or Defendants' employees, including managerial employees, from July 10, 2013 to the present, or if none during that timeframe, the most recent.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it seeks information that pre-date the allegations in the Complaint, and are not relevant to the claims or defenses at issue.

**Defendants' Response is Deficient:** The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient. Moreover, the information sought is probative and admissible as it relates directly to the Defendants' policies concerning the wage and hour issues in this action. Defendants final objection, that the request seeks information that pre-date the allegations in the complaint is without merit. The documents requested concern the Defendants' policies during the timeframe alleged in the Complaint. As such, Defendants must withdraw their objections and fully respond to this demand.

Demand 23. Provide any Documents referring, relating or concerning any application for benefits under the Paycheck Protection Program.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it seeks information that post-date the allegations in the Complaint, and are not relevant to the claims or defenses at issue.

**Defendants' Response is Deficient:** The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient. Moreover, the information sought is probative and admissible as it relates directly to the Individual Defendants' status as an employer under the FLSA and NYLL as well as other relevant information. Defendants final objection, that the request seeks information that post-date the allegations in the complaint is without merit. As such, Defendants must withdraw their objections and fully respond to this demand.

Demand 24. Produce copies of all documents concerning lawsuits and/or administrative investigations where Defendants' employee's compensation, hours worked, and/or overtime compensation is implicated for any time during the period of 2013 to the present.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it seeks information that pre-date the allegations in the Complaint, and are not relevant to the claims or defenses at issue.

**Defendants' Response is Deficient:** The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient. Moreover, the information sought is probative and admissible as it relates directly to Defendants' willful violations of the FLSA and NYLL as such their conduct prior to the filing of the Complaint is relevant and highly probative to the matter at hand. As such, Defendants must withdraw their objections and fully respond to this demand.

Demand 36. Produce all documents that refer or relate to city, state, and/or federal taxes paid on behalf of Plaintiffs for labor performed or hours worked during Plaintiffs' employment with Defendants.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

**Defendants' Response is Deficient:** The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient. Moreover, the information sought is probative and admissible as it relates directly to the allegations in Plaintiff's complaint, namely the amount he was paid. Moreover, the documents relate directly to the individual defendants' status as an employer under the FLSA and NYLL. As such, Defendants must withdraw their objections and fully respond to this demand.

Demand 37. Produce the Combined Withholding, Wage Reporting and Unemployment Return Forms (NYS-45 MN and Form 94) and Quarterly and Yearly Tax Returns filed by all Defendants from 2016 to the present.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it seeks information that post-date the allegations in the Complaint, and are not relevant to the claims or defenses at issue.

**Defendants' Response is Deficient:**  The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient.  Moreover, the information sought is probative and admissible as it relates directly to whether the entity defendant is an enterprise engaged in interstate commerce under the FLSA.   Moreover, the documents relate directly to the individual defendants' status as an employer under the FLSA and NYLL.  As such, Defendants must withdraw their objections and fully respond to this demand.

Demand 39. Provide any Documents, including but not limited to emails and other electronically stored information, that relate or refer to Defendants employment policies and procedures, including but not limited to those relating to payroll, time-keeping, minimum wage and overtime in effect from July 10, 2013 to the present.

**RESPONSE**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it seeks information that pre-date the allegations in the Complaint, and are not relevant to the claims or defenses at issue. Subject to, and notwithstanding the foregoing objection, Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Defendants' Response is Deficient:**  The demand is not overbroad as it is confined to the scope of the allegations in the Plaintiff's Complaint and is not unduly burdensome as the information cannot be obtained from any other source that is more convenient.  Moreover, the information sought is probative and admissible as it relates directly to Defendants' policies concerning the payment of wages and time keeping. Moreover, it is doubtful that the only document in defendants' possession which is relevant to the demand is an affidavit form the Defendants.  As such, Defendants must withdraw their objections and fully respond to this demand.

### III.     Requests for Admission

First and foremost, as with the other discovery demands, Defendants cannot interpose general objections.  Moreover, Defendants objections to Plaintiff's request for admissions concerning the collective are without merit.  Plaintiff may do discovery on whether a collective is necessary and Defendants' are required to fully respond to those requests.  Moreover, Defendants responses contradict an affidavit signed by the Defendants. Given this information, Defendants must review their responses, retract their objections and fully respond to the requests.

***

      As set forth above, there are numerous deficiencies in Defendants' responses to Plaintiff's discovery demands. Defendants cannot decline to provide relevant information and cannot unilaterally narrow the Plaintiff s demands. The Defendants have an obligation to provide material and necessary information and documents. Thus, the Defendants must review these discovery requests and supplement all interrogatories and produce the requested documents.

      Very Truly Yours,
LAW OFFICE OF WILLIAM CAFARO

_____
By: Amit Kumar, Esq.
*Attorneys for the Plaintiff and the Putative Class and Collective*