

## LAW OFFICES OF WILLIAM CAFARO

*William Cafaro, Esq.*
*Partner*
ADMITTED IN NY, CA, MD & TX
Email: *bcafaro@cafaroesq.com*

*Amit Kumar, Esq.*
*Managing Attorney*
ADMITTED IN NY & NJ
Email: *akumar@cafaroesq.com*

*Andrew S. Buzin, Esq.*
*Of Counsel*
ADMITTED IN NY, FL & DC

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583.7401
*www.cafaroesq.com*

*Louis M. Leon, Esq.*
*Associate*
ADMITTED IN NY
Email: *lleon@cafaroesq.com*

*Matthew S. Blum, Esq.*
*Of Counsel*
ADMITTED IN NY
Email: *ablum@cafaroesq.com*

*Deena L. Buchanan, Esq.*
*Of Counsel*
ADMITTED IN NM & NJ

November 30, 2020

*__Via ECF__*

Hon. Sanket J. Bulsara, U.S.M.J
United States District Court
Eastern District of New York
225 Cadman Plaza, East, Chambers 304N
Brooklyn, NY 11201

                Re:       Marcos v. Café Riviera Inc. et al
                         Case No.: 19-cv-03981

Your Honor,

      This office represents the Named Plaintiff as well as the putative class and collective in the above referenced action brought under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). We write to respectfully request an Order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure: (1) compelling Defendants to respond to Plaintiffs' interrogatories without objections and with verifications of each defendant son or before December 7, 2020; (2) compelling Defendants to respond to Plaintiffs' request for documents without objections on or before December 7, 2020; (3) ordering Defendants to certify that no other documents exists except for the documents produced on December 7, 2020, that no other documents exist that are responsive to Plaintiffs' demands; (4) compelling Defendants to respond to Plaintiffs' Request for Admissions without objections or alternatively deem specific RFAs admitted for the purposes of this litigation; and (5) awarding Plaintiff attorneys' fees associated with having to make this motion. Should the latter part be granted, we request permission to submit a fee application.

      This letter represents Plaintiffs' last resort following frustrated efforts to extract necessary, highly relevant and probative information from Defendants. Unfortunately, Defendants have resisted and obstructed all of Plaintiffs' discovery requests from the inception of the discovery period. As a result, Plaintiffs are forced to seek Court intervention.

### *Factual Background and Procedural History*

      On September 21, 2020, the Parties exchanged discovery demands in the above referenced action. A copy of the Plaintiffs' interrogatories to the Defendants is appended hereto as **Exhibit 1**. A copy of the Plaintiffs' request for document production is appended hereto as **Exhibit 2**. A copy of the Plaintiffs' Request for Admissions is appended hereto as **Exhibit 3**. On October 21, 2020, Defendants issued deficient responses to each of the Plaintiffs' discovery demands. A copy of the

Defendants' responses to Plaintiffs' interrogatories are appended hereto as **Exhibit 4**. A copy of the Defendants' responses to Plaintiffs' demand for documents is appended hereto as **Exhibit 5**. A copy of Defendants' responses to Plaintiffs' requests for admissions are appended hereto as **Exhibit 6**. As Defendants responses were substantially non-responsive to legitimate, relevant, and material discovery requests, on October 22, 2020, Plaintiffs sent a nine-page deficiency letter to the Defendants. A copy of the deficiency letter is appended hereto as **Exhibit 7**. On November 12, Defendants moved to extend the time to complete discovery, later that day, Plaintiffs responded giving the Court necessary context regarding the Defendants' discovery deficiencies. *See*, D.E. 24, 25. In response to the Parties' request, the Court Ordered:

> The motion for extension of time to complete discovery [24] is resolved as follows. The close of fact discovery is extended to 12/30/2020 and all discovery is extended to 1/30/2021. The parties are directed to meet and confer regarding outstanding discovery disputes by 11/20/2020, Defendants are directed to cure any deficiencies by 11/27/2020, the parties shall submit a deposition schedule for the Court's approval by 12/4/2020, which shall contemplate all depositions being completed by 12/30/2020, and all depositions shall be conducted remotely. The status conference is hereby adjourned to 1/14/2021 at 2:00 PM. The parties are directed to call the toll-free number: 877-336-1274. The access code is 6534420. The parties shall dial in five (5) minutes before the conference.

Text Only Order dated November 16, 2020 (the "Nov. 16 Order"). After receiving the Nov. 16 Order, the undersigned emailed Defendants' counsel on November 16 and 18 requesting his availability for a meet and confer. *See*, **Exhibit 8**. Finally, on November 20, the undersigned made a final effort to schedule a meet and confer in compliance with the Nov. 16 Order. *See, Id.* Later that day, Defendants finally responded to Plaintiffs' emails, confirming receipt of same and stating that they would give us dates and times for a meet and confer. *See, id.* To date, Defendants have failed to give us dates and time for a meet and confer. These improper obstructionist tactics cannot be permitted, and the Court should deem the meet and confer requirement waived and/or futile in this action. Moreover, Defendants have been put on notice of the deficiencies in their discovery responses through the discovery deficiency letter sent on October 22, 2020. *See*, Ex. 7. Despite being on notice of their discovery deficiencies Defendants failed to cure as required by the Nov. 16 Order.

As detailed below, the information sought by Plaintiff meets both the letter and spirit of the Federal Rules. Indeed, when applied to Plaintiffs' requests each of the elements in Rule 26 are easily met. *See*, Fed. R. Civ. P. 26(b). Defendants' excuses for refusing to provide meaningful responses are certainly not a valid basis for denying legitimate discovery requests. These requests are patently germane to the issues presented in the Complaint and Defendants' Answer. The requests are also relevant to Plaintiffs' claim for damages and related issues.

### *Defendants Have Refused and/or Failed to Respond to Interrogatories*

First and foremost, to date Defendants have failed to verify the interrogatory responses. Such failure to execute a verification attesting to the accuracy and completeness of the interrogatory responses violates Rule 33(b)(5) of the Federal Rules of Civil Procedure. As such, each of the Defendants attesting to the accuracy and completeness of each of the interrogatory responses. *See, Potter* v. *Obolensky,* 1988 U.S. Dist. LEXIS 1530 (S.D.N.Y 1988) (rejecting unverified answers as "deficient for want of verification"). Second, Defendants have used general and/or nonsensical

objections. Courts have soundly rejected such blunderbuss, boiler-plate objections as relieving the producing party of its FRCP discovery obligations. *See,* Fed R. Civ. P. 33 ("The grounds for objecting to an interrogatory must be stated with specificity."); *Leibovitz v. City of New York*, 2017 U.S. Dist. LEXIS 15662 at *4 (SDNY Feb 3, 2017).

A review of Defendant's responses and objections reveals that Defendant failed and/or refused to provide full, substantive, and meaningful responses to Interrogatories 5, 13, 14, 15, 17, 20, 21, 22, 23. *Compare* Ex. 1 *with* Ex. 4; *see, also*, Ex. 7. Specifically, Interrogatory 5 (Identity of each method of payment accepted by Defendants) concerns whether the Defendants are an engaged in interstate commerce. Interrogatories 13 (Identity of corporate officers) and 14 (Identity of owners of the Entity Defendant) concerns the employer status of the individual defendants. Interrogatories 15 (Identity of all persons whom Defendants have taken statements); 17 (Identity of each person Defendants' expect to call as a witness at trial); and 20 (identity of all those with personal knowledge of the allegations and defenses) are highly probative questions designed to illicit the identity of witnesses who may need to be deposed. Interrogatories 21 (identity of documents related to previous wage and hour actions), 22 (identity of documents related to previous government investigations concerning wage and hour violations); and 23 (identity of documents related to any legal proceedings concerning wage and hour violations) are probative and concern whether these defendants *willfully* violated Federal and State law.

As noted above, Defendants' blunderbuss, pro forma, uniform objections to each and every interrogatory have been soundly rejected by the Courts. Defendants may not avoid answering these questions by simply setting forth every conceivable blunderbuss, rote, pro forma objection uniformly in response to all questions posed. Moreover, in response to interrogatories 15, 17, 20, Defendants listed the parties in this action as well as several John Does. Listing a John Doe does not properly identify potential witnesses and does not give the Plaintiffs any notice as to these parties.

Defendants have violated basic discovery principles and FRCP mandates, makes a mockery of the time and effort Plaintiffs put into preparing these legitimate discovery requests. It also has substantially prejudiced Plaintiffs by causing Plaintiffs to incur needless legal costs by compelling motion practice. Plaintiffs are entitled to substantive, full responses to each and every interrogatory. Plaintiffs have not received that. As such, Defendants objections must be stricken and they must be forced to fully respond to the Plaintiffs' demands *without objections*. *See*, *Quartey v. Schiavone Construction Co. LLC*, 2013 WL 458064, at *3 (E.D.N.Y. Feb. 6, 2013) (citing *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163 (S.D.N.Y. 2011)) (""A failure to respond or object to a discovery request in a timely manner waives any objection which may have been available."); *see also Labarbera v. Absolute Trucking, Inc.*, 2009 WL 2496463, at *1-2 (E.D.N.Y. Aug. 12, 2009) (finding that by missing the response deadline and failing to show good cause for not responding to the interrogatories, defendant had waived its rights to object to plaintiffs' discovery requests).

### *Defendants Have Refused and/or Failed to Respond to Document Requests*

A review of Defendant's responses and objections reveals that Defendant failed and/or refused to provide full, substantive, and meaningful responses to Document Requests 12, 13, 14, 15, 16, 23, 24, 36, 37. *Compare* Ex. 2 *with* Ex. 5; *see, also*, Ex. 7. Here, each of the above document demands are meritorious and tailored to receive documents concerning liability or damages.

Specifically, Document Demands 12 (demand for the entity defendant's articles of incorporation), 13 (documents concerning various categories of witnesses), 14 (demand for the document which identify those who own more than 10% of the entity defendant), 15 (leases which were entered into on behalf of the entity defendant), and 23 (documents relating to Defendants' application for benefits under the Paycheck Protection Program) are documents which evidence the

employer status of the individual defendants in this action.  Also, Document Demand 14 is also probative under NY BCL § 630, which is another avenue of liability for unpaid wages under New York Law.  Lastly, Document Demand 23 would also evidence payroll information for the named plaintiff as well as the putative collective.  Document Demand 24 (documents concerning previous actions brought against the Defendants for unpaid wages) concerns Plaintiffs' claim that Defendants *willfully* violated Federal and State law.  Document Demands 16 (personnel manuals) and 39 (employment policies and procedures) concerning the Plaintiffs' allegations that Defendants had a policy or plan to not pay Plaintiffs minimum wage and/or overtime compensation pursuant to Federal and State law.  Finally, Document Demands 36 (documents concerning taxes paid on Plaintiffs behalf) and 37 (Defendants' tax returns) are highly probative and concern the merits of Plaintiffs' claims under the FLSA, specifically whether the Defendants are an enterprise engaged in commerce. The documents are also probative in that they evidence employer liability under the FLSA and NYLL.

There is nothing burdensome or overbroad about these demands. They are directly germane to Plaintiffs' claims for unpaid compensation and the Defendants' asserted defenses.  Moreover, they are patently proportional to the needs of the case.  The objections posited do not constituted a valid basis for refusing to disclose the documents.

### *Defendants Have Refused and/or Failed to Respond to Requests for Admissions*

A review of Defendants' responses and objections reveals that Defendants failed and/or refused to provide full, substantive, and meaningful responses to Request for Admissions 3-6, 9-10, 12-13, 16-21, 23-24, 26-27, 29, 31-40, and 44-49. *Compare* Ex. 3 *with* Ex. 6; *see, also*, Ex. 7.

Instead of admitting or denying the RFA's Defendants provided non-responsive answers claiming that the requests are "unduly burdensome" or "overbroad" or that they "seek discovery into materials that are not probative." Defendants responses violate the federal rules because they do not "fairly respond to the substance of the matter" and do not "state in detail why the answering party cannot truthfully admit or deny" the request. Fed. R. Civ. P. 36(a)(4).  Defendants objections do not justify their refusal to admit Plaintiffs' specific and targeted RFAs.  At minimum, Defendants should admit these requests to the extent that they are true and "qualify or deny the remainder".  *See Diederich v. Dep't of Army*, 132 F.R.D. 614, 619 (S.D.N.Y. 1990).

Under Rule 36 (a)(4), if a party does not admit an RFA, its answer must adhere to the following criteria: (1) "If a matter is not admitted, the answer must specifically deny it or ***state in detail*** why the answering party cannot truthfully admit or deny it." (2) "A denial must ***fairly respond to the substance of the matter***; and when good faith requires that a party qualify an answer or deny only a part of a matter, ***the answer must specify the part admitted and qualify or deny the rest***." (3) "The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that ***it has made reasonable inquiry*** and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4) (emphasis added).  Defendants have satisfied none of these requirements.

*First*, Defendants failed to "state in detail" why it cannot admit or deny any portion of Plaintiffs' carefully-specified requests. Instead, it has attempted to "evade disclosure" by making "boilerplate objections" to dozens of separate RFAs. *See Guadalupe v. City of N.Y.*, 2016 U.S. Dist. LEXIS 83872, at *10-11 n.3 (S.D.N.Y. June 24, 2016).  Such generic objections are insufficient, as courts in this district routinely hold. *Id.*; *see also Billups v. West*, 1997 U.S. Dist. LEXIS 2367, at *26-28 (S.D.N.Y. Mar. 4, 1997) (finding RFA responses inadequate where answers merely stated "Defendants deny knowledge or information sufficient to form a belief as to the truth of this allegation"); *Herrera v. Scully*, 143 F.R.D. 545, 551 (S.D.N.Y. 1992).  **Second**, Defendants have

made no effort to "fairly respond to the substance" of each RFA. If Defendants believe it cannot fairly admit or deny a request in full, then Rule 36(a)(4) requires it to at least "specify the part admitted," rather than respond with a blanket refusal to admit or deny the entire request. *See Diederich*, 132 F.R.D. at 619; *see also U.S. ex. rel. Englund v. Los Angeles Cty.*, 235 F.R.D. 675, 685 (E.D. Cal. 2006) ("[I]t is not ground for objection that the request is 'ambiguous' unless so ambiguous that the party cannot, in good faith, frame an intelligent reply. Parties should admit to the fullest extent possible, and explain in detail why other portions of a request may not be admitted." (internal quotation omitted)). Further, to the extent that Defendants have refused to answer certain RFAs on the grounds that the terms are "vague" or "ambiguous," that refusal is improper for the same reason: Nowhere have Defendants provided anything more than generic and insufficient explanations for these objections or satisfied any of the other requirements of Rule 36. *See, e.g.* Ex. 6.

Accordingly, Plaintiffs request an order compelling defendants to fully and fairly respond to the RFAs or deem each RFA listed above admitted for the purposes of this litigation[1].

*\*\*\**

The specified discovery requests are clearly legitimate and important areas of inquiry. The lack of substantive responses to the vast majority of our discovery demands is particularly disturbing, especially given Your Honor's Nov. 16 Order. It is clear that Defendants have engaged in blatant and contumacious conduct in total disregard of FRCP discovery mandates. As such, we respectfully request an Order, pursuant to Rule 37(a) of the Federal Rules of Civil Procedure (1) compelling Defendants to respond to Plaintiffs' interrogatories without objections and with verifications of each defendant son or before December 7, 2020; (2) compelling Defendants to respond to Plaintiffs' request for documents without objections on or before December 7, 2020; (3) ordering Defendants to certify that no other documents exists except for the documents produced on December 7, 2020, that no other documents exist that are responsive to Plaintiffs' demands; (4) compelling Defendants to respond to Plaintiffs' Request for Admissions without objections or alternatively deem specific RFAs admitted for the purposes of this litigation; and (5) awarding Plaintiff attorneys' fees associated with having to make this motion. Should the latter part be granted, we request permission to submit a fee application.

Respectfully Submitted,
LAW OFFICE OF WILLIAM CAFARO

_____

By: Amit Kumar, Esq. (AK 0822)
*Attorneys for the Plaintiff and the Putative Class and Collective*

CC:
All Attorneys of Record (via ECF)

---

[1] As stated in Exhibit 7, many of Defendants' responses to Plaintiffs' RFAs also contradict Defendants' sworn affidavit which was sent to Plaintiffs prior to commencement of this action. Plaintiffs reserve the right to move for sanctions against the Defendants and their counsel concerning these issues.