**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X
ISMAEL HERNANDEZ MARCOS, On Behalf of
Himself and All Others Similarly Situated,

        Case No.: 19-cv-03981

*Plaintiff*,

-against-

CAFÉ RIVIERA INC., MALGORZATA
TOKARSKA and EVA TOKARSKA,

*Defendants*.
----------------------------------------------------------------X

## DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES

    Defendants CAFÉ RIVIERA INC., MALGORZATA TOKARSKA and EVA TOKARSKA (collectively, the "**Defendants**"), through their undersigned counsel, as and for their responses to Plaintiff Ismael Hernandez Marcos (the "**Plaintiff**") First Set of Interrogatories, respond as follows:

    These responses are made solely in relation to the above-captioned action, and are proffered only for the purpose of responding to the Plaintiff's Request. All responses are subject to the objections noted below. Defendants reserves the right to object on any ground to 1) the admissibility or use of any information provided herein in any subsequent stage or proceeding in this or any other action; and 2) any other discovery procedure relating to the subject matter of this Request. Additionally, these responses are given without prejudice to Defendants' right to produce at a later date and/or rely at trial upon information that is subsequently discovered or inadvertently omitted.

## **GENERAL OBJECTIONS AND LIMITATION TO ALL REQUESTS**

Defendants hereby incorporate by reference each of the following General Objections and Limitations ("**General Objections**") in their responses to each specific Request as if specifically set forth therein, in addition to such other specific and further objections to each Request as noted in each response. Any such specific objections to a particular Request shall not be construed as a waiver of any of Defendants' General Objections, and any reference to or restatement of a General Objection in the response to a particular Request shall not limit that General Objection or waive any other General Objection. Unless otherwise specifically stated, Defendants' objections to each Request apply to the entire Request, including each and every subparagraph of each Request.

1. Defendants object to each Request to the extent that it is overly broad, seeks irrelevant, immaterial, or unnecessary information, is not reasonably calculated to lead to the discovery of relevant or admissible evidence, or is in any way beyond the scope of disclosure required by the FRCP.

2. Defendants object to each Request to the extent that it is duplicative, unreasonably cumulative, unduly burdensome, oppressive or unduly expensive to answer.

3. Defendants object to each Request that it calls for a legal conclusion.

4. Defendants object to each Request to the extent that the information requested is a matter of public record or is already in the possession of Plaintiffs (including without limitation any documents already produced in this matter), or that the burden of obtaining the information would otherwise be less or substantially the same for Plaintiffs as for Defendants.

5. Defendants object to each Request to the extent that they seek documents generated subsequent to the commencement of this litigation, on the grounds that such Requests seek

information either not relevant to the subject matter of the litigation, and/or not reasonably calculated to lead to the discovery of admissible evidence.

6. Defendants object to each Request to the extent that it seeks the production of information or documents protected from discovery by any privilege, including the attorney-client privilege (including without limitation documents prepared in anticipation of litigation by or for Defendants or their attorneys (or any agents or representatives of Defendants or their attorney), or documents or information which would disclose the mental impressions, conclusion, opinions, or legal theories of attorneys or other agents or representatives of Defendants concerning any matters at issue in this litigation) or any other applicable privilege, immunity, or limitation on discovery. To the extent any protected information is produced or otherwise disclosed, such production or disclosure is inadvertent, and Defendants shall not be deemed to have waived any privilege with respect to that or any other information.

7. Defendants object to each Request to the extent that it is not limited to a specific time period relevant to the matter or exceeds the applicable statute of limitations.

8. Defendants object to each Request to the extent it seeks personal or confidential information (including without limitation employment and financial information) concerning individuals or entities not involved in this action.

9. Defendants object to each Request to the extent that it calls for speculation, is vague or ambiguous, or otherwise alleged agents or representatives of Defendants who are not subject to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

10. Defendants object to each Request to the extent that it seeks information from any former, apparent, or otherwise alleged agents or representatives of Defendants who are not subject

to Defendants' control, or to the extent that such information would violate any privacy interests or other rights of alleged agents or representatives.

11. Defendants object to each Request to the extent that it seeks information that was not created by Defendants, or is not currently in the possession, custody, or control of Defendants, or seeks to impose upon Defendants an obligation to acquire, review, or otherwise have knowledge of information that is in possession of others.

Without waiving the General Objections or any objections set forth in response to specific Requests, Defendants respond, within the limits of these objections, as set forth below.

## RESPONSES AND OBJECTIONS TO INTERROGATORIES

**Interrogatory No. 1** Identify all persons who had any authority over any of the Plaintiffs' hours and/or their compensation during the time that they were employed by the Defendants.

**RESPONSE:** Malgorzata Tokorska, Eva Tokorska

**Interrogatory No. 2** Identify all persons who had the authority to (1) had the power to hire and/or fire the employees CAFÉ RIVIERA INC. (2) supervised and/or controlled employee work schedules or conditions of employment at CAFÉ RIVIERA INC. (3) determine the rate and method of payment for employees of CAFÉ RIVIERA INC., and/or (4) maintained employment records of CAFÉ RIVIERA.

**RESPONSE:** Malgorzata Tokorska, Eva Tokorska

**Interrogatory No. 3** Identify any documents relating to, referring to, or showing the number of hours the Plaintiffs worked for the Defendants each week of their employment and how much Defendants paid them in exchange for these hours worked.

**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Interrogatory No. 4** Identify any documents relating to, referring to, or showing the dates of Plaintiffs' employment.

**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Interrogatory No. 5** Identify each method of payment (cash, credit card, check, wire transfer, etc.) accepted by Defendants from Defendants' customers.

**Response**: Defendants object to this Interrogatory on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

**Interrogatory No. 6** Identify all documents relating to or concerning each method used by Defendants to track the Plaintiffs' work hours (punch card, P.O.S system, written schedule, sign in sheet, etc.).

**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Interrogatory No. 7** Identify all documents relating to or concerning each method used by Defendants to track the Plaintiffs' compensation.

**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Interrogatory No. 8** Identify any documents referring or relating to Defendants' policies concerning compensation of Plaintiffs, including but not limited to minimum wage, overtime, and spread of hours.

**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Interrogatory No. 9** Identify any documents that show that Defendants provided wage statement and wage notices to Plaintiffs as required under the New York Labor Law.

**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Interrogatory No. 10** Identify any and all documents showing or tending to show the time and/or frequency of any alleged breaks the Plaintiffs took from work during the period they were employed by any of the Defendants.

**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Interrogatory No. 11** Identify any documents relating to, referring to, or showing what the Plaintiffs' duties were during their employment with Defendants.

**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Interrogatory No. 12** Identify any documents relating to, referring to, or showing how

Defendants paid Plaintiffs, i.e. hourly, weekly salary, commissions, etc. and what their rate of pay was.

>**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

>**Interrogatory No. 13** Identify each of the corporate officers and/or Members of CAFE RIVIERA INC.

>**Response**: Defendants object to this Interrogatory on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

>**Interrogatory No.14** Identify each individual who owns more than 10% of the beneficial interest of CAFE RIVIERA INC.

>**Response**: Defendants object to this Interrogatory on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action.

>**Interrogatory No.15** Identify all persons from whom the Defendants or their representatives have taken formal or informal statements (whether oral or written) concerning this action.

>**Response**: Defendants object to this Request on the basis that Defendants' investigation into the claims and defenses of the Complaint are ongoing. Subject to, and notwithstanding the foregoing, Defendants identify the following anticipated witnesses at this time:
>
>>Malgorzata Tokarska
>>c/o Levin-Epstein & Associates, P.C.
>>420 Lexington Avenue, Ste. 2525
>>New York, New York 10170
>
>>Eva Tokarska
>>c/o Levin-Epstein & Associates, P.C.
>>420 Lexington Avenue, Ste. 2525
>>New York, New York 10170
>
>>Ismael Hernandez Marcos
>>c/o Law Offices of William Cafaro
>>108 West 39th Street, Ste. 602
>>New York, New York 10018
>
>>Oswaldo "Doe"

        c/o Levin-Epstein & Associates, P.C.
        420 Lexington Avenue, Ste. 2525
        New York, New York 10170

        Pablo "Doe"
        c/o Levin-Epstein & Associates, P.C.
        420 Lexington Avenue, Ste. 2525
        New York, New York 10170
        Abraham "Doe"
        c/o Levin-Epstein & Associates, P.C.
        420 Lexington Avenue, Ste. 2525
        New York, New York 10170

        Miguel "Doe"
        c/o Levin-Epstein & Associates, P.C.
        420 Lexington Avenue, Ste. 2525
        New York, New York 10170

**Interrogatory No.16** Identify all non-exempt employees, including Plaintiffs, employed by Defendants at any time from July 10, 2013 to the present.

**Response**: Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks individualized discovery concerning persons who have not opted in to this purported FLSA collective action. Defendants further object to providing this individualized discovery prior to conditional certification of a collective action. Defendants further object to this Request to the extent that it seeks information relating to Plaintiff, given that Plaintiff is already in possession of the information sought. Defendants further object to this Request to the extent that it seeks information pre-dating the allegations in the Complaint.

**Interrogatory No.17** Identify each person whom Defendants expect to call as a witness at trial.

**Response**:  Defendants object to this Request on the basis that Defendants' investigation into the claims and defenses of the Complaint are ongoing.  Subject to, and notwithstanding the foregoing, Defendants identify the following anticipated witnesses at this time:

        Malgorzata Tokarska
        c/o Levin-Epstein & Associates, P.C.
        420 Lexington Avenue, Ste. 2525
        New York, New York 10170

>Eva Tokarska
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170
>
>Ismael Hernandez Marcos
>c/o Law Offices of William Cafaro
>108 West 39th Street, Ste. 602
>New York, New York 10018
>
>Oswaldo "Doe"
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170
>
>Pablo "Doe"
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170
>
>Abraham "Doe"
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170
>
>Miguel "Doe"
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170

**Interrogatory No.18** Identify all relevant documents concerning and/or relating to the allegations in the Complaint, the Defendants' Answer, and/or Defendants' affirmative defenses.

**Response**: Defendants refer Plaintiff to the documents produced simultaneously herewith.

**Interrogatory No.19** Identify all persons, excluding counsel, who aided, assisted, or participated in any manner in the preparation of the responses to these interrogatories.

**Response**: Malgorzata Tokarska**,** Eva Tokarska

**Interrogatory No.20** Identify all persons whom you claim have personal knowledge of the facts underlying the allegations in the complaint, the Defendants' Answer, and/or Defendants' Affirmative Defenses (please specifically state which affirmative defense each person has personal knowledge).

**Response**:  Defendants object to this Request on the basis that Defendants' investigation into the claims and defenses of the Complaint are ongoing.  Subject to, and notwithstanding the foregoing, Defendants identify the following anticipated witnesses at this time:

>Malgorzata Tokarska
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170
>
>Eva Tokarska
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170
>
>Ismael Hernandez Marcos
>c/o Law Offices of William Cafaro
>108 West 39th Street, Ste. 602
>New York, New York 10018
>
>Oswaldo "Doe"
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170
>
>Pablo "Doe"
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170
>Abraham "Doe"
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170
>
>Miguel "Doe"
>c/o Levin-Epstein & Associates, P.C.
>420 Lexington Avenue, Ste. 2525
>New York, New York 10170

The aforementioned persons are likely to have knowledge of the facts and circumstances relevant to this action, including, but not limited to, the wage-and-overtime allegations pled by Plaintiff in his Complaint in the instant action.


**Interrogatory No.21** Identify all documents relating to or concerning actions, both in state and federal court, in which MALGORZATA TOKARSKA and/or EVA TOKARSKA or any entity in which they then held any beneficial or ownership interest, were named as defendants, in

which any claims for wage, hour, minimum wage, overtime wage, spread of hours or tips were made under the FLSA or the NYLL.

>**Response**:  Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it seeks information that post-date the allegations in the Complaint, and are not relevant to the claims or defenses at issue.

**Interrogatory No.22** Identify all documents relating to or concerning proceedings ever initiated against MALGORZATA TOKARSKA and/or EVA TOKARSKA, or against any entity in which they then held any ownership interest, which pertained to any wage, hour, or overtime claims with any administrative agency, including, but not limited to the New York State Department of Labor and/or the United States Department of Labor.

>**Response**:  Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it seeks information that post-date the allegations in the Complaint, and are not relevant to the claims or defenses at issue.

**Interrogatory No.23** Identify documents relating to or concerning legal proceedings, including but not limited to any administrative and court proceedings in federal and/or state court, the New York State Department of Labor and/or the United States Department of Labor, in which any of the Defendants were a party and in which any wage and hour claims were made.

>**Response**:  Defendants object to this Request on the basis that it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, in that it seeks discovery into materials that are not probative into the claims or defenses of the instant action. Defendants further object to this Request on the basis that it seeks information that post-date the allegations in the Complaint, and are not relevant to the claims or defenses at issue.

Dated: New York, New York
September 23, 2020

                                      LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: /s/ Jason Mizrahi
     Jason Mizrahi, Esq.
     420 Lexington Avenue, STE 2525
     New York, New York 10170
     Phone: (212) 792-0048
     Email: Jason@levinepstein.com
     *Attorneys for Defendants*

To:
     Amit Kumar, Esq. (AK 0822)
     108 West 39th Street, Ste. 602
     New York, New York 10018
     (212) 583-7400
     AKumar@CafaroEsq.com
     *Attorneys for Plaintiff*